# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBERT D. WALLACE, JUDY WALLACE,**

**Plaintiffs,**

**-vs-** **Case No. 6:05-cv-674-Orl-28KRS**

**THE KIWI GROUP, INC., HEATHER ESQUE, WILLIAM ESQUE,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 60)** |
| **FILED:** | **August 17, 2007** |

### I. PROCEDURAL HISTORY.

On May 5, 2005, Plaintiffs Robert D. Wallace and Judy Wallace (the Wallaces) filed a complaint against the Kiwi Group, Inc. (The Kiwi Group), Heather Esque, and William Esque (the Esques) alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. No. 1. The Wallaces allege that the defendants failed to

pay them minimum wages and overtime compensation while they were employed by The Kiwi Group and the Esques. The Wallaces seek liquidated damages, attorneys' fees, and costs.

The complaint was served on each of the defendants. Doc. Nos. 7 through 9. The defendants filed an answer, through their attorney, on June 3, 2005. Doc. No. 10. Thereafter, The Kiwi Group and the Esques' counsel moved to withdraw as counsel of record, indicating that irreconcilable differences had arisen and that the defendants had ceased communicating with him. Doc. No. 45. A hearing was held on the defendants' counsel's motion on June 14, 2007, at which the Esques and a representative of The Kiwi Group were personally required to appear. Doc. No. 52. When the defendants did not attend the hearing as required, a Report and Recommendation was issued recommending that the Clerk of Court strike the defendants' answer and enter a default against each of them. Doc. No. 56. The Report and Recommendation was adopted and confirmed, and the Clerk of Court entered defaults against The Kiwi Group and the Esques on July 18, 2007. Doc. Nos. 57, 58.

After defaults were entered against the defendants, on August 8, 2007, Heather Esque wrote a letter to the Court requesting that the present action be dismissed. Doc. No. 59. In a Report and Recommendation, it was recommended that Heather Esque's motion to dismiss be denied without prejudice, as she had failed to move to set aside the default previously entered against her. Doc. No. 61. The Report and Recommendation was adopted and confirmed on October 23, 2007. Doc. No. 62. None of the defendants have since moved to set aside the default.

On August 17, 2007, the Wallaces filed the present motion for default judgment against each of the defendants. Doc. No. 60. In support of their motion, they filed the following documents:

- Affidavits of service for each of the defendants, doc. no. 60-2 at 2-4;
- Affidavit of Judy Wallace, doc. no. 60-2 at 6-8 (Judy Wallace Aff.);

- Affidavit of Robert D. Wallace, doc. no. 60-2 at 9-11 (Robert Wallace Aff.);
- Affidavit for reasonable attorneys' fees, by Kelly Amritt, doc. no. 60-2 at 13-14 (Amritt Aff.);
- A time sheet for work performed by the plaintiffs' attorneys, doc. no. 60-2 at 16-18 (Time Sheet) and
- A copy of the check written to the Clerk of Court for the filing fee and invoices of the fees incurred in serving the defendants, doc. no. 60-2 at 20-23.

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

**III. ALLEGATIONS OF THE COMPLAINT.**

The Wallaces were employed by The Kiwi Group, Heather Esque, and William Esque at the defendants' business located in Volusia County, Florida. Doc. No. 1 ¶¶ 1-3. Robert Wallace performed computer work and related activities, and Judy Wallace performed clerical work and related activities. *Id.* at ¶¶ 2, 3. The Kiwi Group is an employer as defined by the FLSA, and the Wallaces were engaged in commerce as defined by the FLSA. *Id.* ¶ 9.

The Esques are owners and/or operators of The Kiwi Group. They were substantially in control of the terms and conditions of the Wallaces' work. As such, they are employers as defined in the FLSA. *Id.* at ¶¶ 5, 6.

In Count I, the Wallaces allege that they worked overtime hours and were "entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week." *Id.* ¶ 14. The defendants refused to pay them for "each hour worked in excess of forty (40) per work week in one or more work weeks . . . ." *Id.* ¶ 15. This violation was willful. *Id.*

In Count II, the Wallaces allege that, while working for the defendants, they "were not paid the minimum wage for each hour worked during their employment with Defendants." *Id.* ¶ 20. This violation was willful. *Id.* ¶ 21.

## IV. ANALYSIS.

### A. *Liability*.

#### 1. FLSA Minimum Wage and Overtime Claim.

To establish a claim for payment of minimum wages and overtime compensation under the FLSA, the Wallaces must establish the following:

> First, that they were employed by The Kiwi Group during the time period involved;
>
> Second, that they were engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
>
> Third, that the defendants failed to pay the minimum wage and overtime compensation required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, The Kiwi Group admits that it employed the Wallaces during the time period involved in this case. It admits that the Wallaces were engaged in commerce. It admits that it failed to pay the Wallaces minimum wages and overtime compensation as required by the FLSA. This is sufficient to establish that The Kiwi Group is liable to pay the Wallaces the minimum wages and overtime compensation that they are owed for their work.

2. Joint and Several Liability.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, the Esques admit that they were owners and/or operators of The Kiwi Group, and were substantially in control of the terms and conditions of the Wallaces' work. Accordingly, the Esques are jointly and severally liable with The Kiwi Group for minimum wages and overtime compensation due under the FLSA but unpaid.

*B. Damages.*

The Wallaces rely on their affidavits to establish the compensation due under the FLSA. It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has

in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have not answered the complaint. Thus, I find that the Wallaces' affidavits are sufficient evidence to show the amount and extent of the work they performed, and provide an adequate basis for calculating their damages.

1. Minimum Wages under the FLSA.

**a. Judy Wallace.**

Under the FLSA, Judy Wallace is entitled to be compensated for the difference between the wages she received and $5.15 per hour for work she performed. 29 U.S.C. § 206(a)(1). Judy Wallace avers that during her final 12 weeks of employment she was "not paid any compensation." Judy Wallace Aff. ¶ 4. She avers that during that time, she "typically worked 50 hours per week." *Id.* ¶ 5. Any hours worked in excess of 40 hours a week will be addressed in the next section of this Report and Recommendation. For 480 hours[1] of work, the statutory minium wage that should have been paid to Judy Wallace is $2,472.00.[2] Because Judy Wallace was not paid any wages for her work during that time period, the amount of compensation she is owed is not reduced by previously received wages.

---

[1] This figure is computed by multiplying the number of weeks worked (12) by the number of non-overtime hours worked per week (40).

[2] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (480) totals $2,472.00.

Judy Wallace avers that she "was supposed to be paid $500 per week." *Id.* ¶ 4. Accordingly, because she worked 12 weeks, she avers that she is owed $6,000.00 in unpaid wages. *Id.* This argument, however, is relevant only to a breach of contract claim. The amount that she should have been paid is inconsequential to her minimum wage claim under the FLSA, as the FLSA only requires that an employee receive compensation at the minimum statutory rate. As Judy Wallace has not brought a breach of contract claim, this argument is misplaced.

**b. Robert Wallace.**

Robert Wallace avers that during his final 12 weeks of employment he was "not paid any compensation." Robert Wallace Aff. ¶ 4. He avers that during that time, he "typically worked 60 hours per week." *Id.* ¶ 5. Any hours worked in excess of 40 hours a week will be addressed in the next section of this Report and Recommendation. Thus, for the final 12 weeks of his employment, he worked 480 hours.[3] As Robert Wallace is entitled to be compensated at the statutory minimum wage for these hours, $5.15, he is entitled to compensation in the amount of $2,472.00.[4] Because Robert Wallace was not paid any wages for his work during that time period, the amount of compensation he is owed is not reduced by previously received wages.

Similar to Judy Wallace, Robert Wallace avers that he is owed $6,000.00 in unpaid wages because he was supposed to be paid $500.00 per week. However, as he has not brought a breach of contract claim, he is only entitled to the minimum statutory rate.

---

[3] This figure is computed by multiplying the number of weeks worked (12) by the number of non-overtime hours worked per week (40).

[4] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (480) totals $2,472.00.

2. FLSA Overtime Claim.

**a. Judy Wallace.**

Under the FLSA, Judy Wallace is entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty during a work week. *See* 29 U.S.C. § 207(a)(1). Under the FLSA, Judy Wallace's overtime rate is based on her regular rate of pay (regardless of whether she can only recover the minimum wage for her non-overtime work). *Mumbower v. Callicott*, 526 F.2d 1183, 1187 (8th Cir. 1975) ("[29 U.S.C. §207(a)(1)] has been uniformly interpreted to require the fifty percent overtime premium to be added to the actual wage paid, not to the statutory minimum wage . . .").

In her Affidavit, Judy Wallace avers that she was to be compensated at a rate of $500.00 per week. Judy Wallace Aff. ¶ 4. Because Judy Wallace avers that she worked 50 hours a week, her hourly rate would have been $10.00.[5] Accordingly, Judy Wallace is entitled to $15.00 per hour for every hour of overtime worked.

Judy Wallace avers that she "worked a total of 120 overtime hours (10 hours per week multiplied by 12 weeks of employment), for which Defendant[s] failed to [pay her] time and one half." *Id.* ¶ 6. Based on the evidence presented, Judy Wallace is entitled to $1,800.00[6] in overtime compensation due and not paid.

---

[5] This figure is computed by dividing the number of hours worked (50) by weekly salary ($500.00) to arrive at the regular hourly rate of pay. 29 C.F.R. § 779.419(b); *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1480 (11th Cir. 1990).

[6] This figure is computed by multiplying the number of hours of overtime worked (120) by the overtime rate ($15.00).

**b. Robert Wallace.**

In his Affidavit, Robert Wallace avers that he was to be compensated at a rate of $500.00 per week based on a 40 hour work week. Robert Wallace Aff. ¶ 4. Accordingly, Robert Wallace's regular hourly rate would have been $12.50.[7] His overtime rate, one and one-half times his regular rate, is $18.75 per hour for all hours of overtime worked.

Robert Wallace avers that he "worked a total of 480 overtime hours (20 hours per week multiplied by 24 weeks of employment), for which Defendant[s] failed to [pay him] time and one half compensation." *Id.* ¶ 6. Based on the evidence presented, Robert Wallace is entitled to $9,000.00[8] in overtime compensation due and not paid. Because Robert Wallace's salary was intended to compensate only for 40 hours of work per week, the overtime compensation is not reduced by any previously received wages.

3. Liquidated Damages.

By failing to answer the complaint, The Kiwi Group and the Esques admit that they acted willfully in failing to pay the Wallaces the statutorily required minimum wage and overtime compensation. When, as here, the defendants have not presented a defense that their failure to pay minimum wages or overtime compensation was in good faith, the court must also require the employers to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture,*

---

[7] This figure is computed by dividing the number of hours worked (40) by weekly salary ($500.00) to arrive at the regular hourly rate of pay. 29 C.F.R. § 779.419(b).

[8] This figure is computed by multiplying the number of hours of overtime worked (480) by the overtime rate ($18.75).

*Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, The Kiwi Group and the Esques are liable to pay Judy Wallace the amount of unpaid minimum wages and overtime compensation owed to her, $4,272.00 ($2,472.00 in minimum wages and $1,800.0 in overtime compensation), as liquidated damages, and to pay Robert Wallace $11,472.00 ($2,472.00 in minimum wages and $9,000.00 in overtime compensation), as liquidated damages.

*C. Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, the Wallaces seek $6,690.00 in fees for the services provided by their attorneys in connection with this case, plus $445.00 in costs. Amritt Aff. ¶¶ 4, 5.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory

evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

1. Reasonable Hourly Rate.

In her affidavit, Attorney Amrit does not provide any biographical information, such as the number of years she has been in practice, that would allow the Court to assess whether the hourly rate requested is reasonable. Rather, she avers that she "customarily bill[s] [her] clients at a rate of $300.00 or more per hour for [her] services." Amritt Aff. ¶ 4.

In other FLSA cases, this Court has previously noted that Amritt has been a member of the Florida Bar since 2003, and has determined that a reasonable rate for her services, considering the Orlando legal market, is $150.00 per hour. *See, e.g.*, *Hill v. Chequered Flag Auto Sales., Inc.*, No. 6:05-cv-1597-Orl-18KRS, 2007 WL 710139, *3 (M.D. Fla. Mar. 6, 2007).

Accordingly, considering the Orlando legal market and awards in similar cases, an hourly rate of $150.00 for work performed by Amritt is appropriate in the absence of objection.

On January 31, 2007, attorney for the plaintiffs, Richard Celler, withdrew from the case. Doc. No. 41. In the Time Sheet, the Wallaces do not indicate what work was performed by Celler, and they have not requested any fees for his work. It is therefore assumed that all of the work listed on the Time Sheet was performed by Amritt, and her hourly rate applies.

2. Reasonable Number of Hours.

In the absence of objection, I recommend that the Court find that all of the hours worked are reasonable.

3. Lodestar.

Based on these recommendations, the lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---:|---:|---:|
| Kelly Amritt | $150.00 | 22.3 | $3,345.00 |

4. Costs.

The Wallaces seeks costs in the amount of $445.00 for reimbursement for the filing fee ($250.00) and for the costs of serving process in this case ($195.00). Doc. No. 60-2 at 20-23. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The docket sheet in this case reflects that the Wallaces paid the filing fee. Also, the Wallaces submitted evidence supporting the costs for service of process. Doc. No. 60-2 at 20-23. Therefore, I recommend that the plaintiffs be awarded $445.00 in costs.

## V. RECOMMENDATION.

For the foregoing reasons, I recommend that Plaintiff's Motion for Entry of Default Judgment, doc. no. 60, be **GRANTED in part and DENIED in part**. I recommend that the Court enter a default judgment against The Kiwi Group, Inc., Heather Esque, and William Esque on Judy and Robert Wallace's FLSA minimum wage and overtime compensation claims and order the defendants, jointly and severally, to pay Judy Wallace damages in the amount of $8,544.00 (including liquidated damages) and Robert Wallace in the amount of $22,944.00 (including liquidated damages), $3,345.00 in attorney's fees, and $445.00 in costs. Finally, I recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 19, 2007.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Unrepresented Party
Courtroom Deputy